Number 181066, Larry Blue v. Sean Medeiros Good morning, Ms. Allen. Good morning, Your Honor. If I may reserve two minutes for rebuttal. Two minutes. May I please declare Ashley Allen on behalf of Mr. Larry Blue. And seated at the Council table is Petitioner Junius, who is on the brief with me. There are two issues before Your Honors concerning the timeliness of the Petitioner's Habeas Corpus petition. Both issues involve the burdens the Dukin scandal caused on the Massachusetts state courts and the remedying of thousands of convictions.    The first issue is whether a motion to stay the execution of a sentence pending appeal is collateral in review, tolling the statute of limitations. And the second issue that I will address is whether equitable tolling in the circumstance should apply. Before getting into the statutory tolling, I just want to point out for Your Honors that this is a very narrow issue. Typically, in a motion to stay, the appeal is already pending. So there is no need for statutory tolling in the habeas context. Because in Dukin cases specifically, no appeal had to be pending at the time that a motion to stay was filed. It was necessarily a part of the appeals process. And what the SJC had advised was the proper remedy in order to prevent any further jail time for these people who had tainted convictions. So to start with what collateral review is, it's definitely collateral. It was a part from the direct appeal process. He had his direct appeal. And that concluded in 2013. It's review because as this court put it in Kewley, and Your Honor is well aware that he is the author of that opinion, looking over examination with a view to amendment or improvement of a judgment or a sentence. So here we have the second prong of what a motion to stay is. And that requires that the trial judge has to consider whether or not there is a reasonable likelihood of success of the merits of the appeal. Even if that finding is made in favor of the petitioner, that doesn't affect any change in the sentence. All, no matter what findings are made on a motion to stay, the capacity of the motion is only to defer the execution of the sentence. It's not to reexamine it. It granted that the judge in deciding to grant the motion to stay has to form an opinion or should form an opinion as to what he thinks the likelihood of success on the merits is. But he doesn't have any power at that point on that proceeding to alter or reconfigure the sentence in any way. All he has to do is make a decision as to whether to defer the normal execution of the sentence. Now, that is correct, but at the time... And do you have, excuse me, is there any case anywhere that has said that a motion to stay the execution of a sentence can be considered a proceeding on collateral review? No, and that brings me back to my first point, why this case is so unique. So with the Dukin case, typically a motion to stay is never going to be an issue when it comes to tolling because there is already a collateral appeal or a direct review appending. So it will already be told. So there is no case law that says that a motion to stay automatically tolls it. But in the context of Dukin cases, it does because it was necessarily a part of the appeal. And at the time that the motion to stay was filed, they still weren't even hearing motion for new trials because of the outstanding Dukin discovery issues. So the motion for a renewed stay was filed in February. It wasn't until March that Commonwealth v. Scott as well as the investigative general report came out. Thereafter, the stay was by May 5th, the motion for a new trial, raising all the issues that were in the motion for a stay was presented to that same judge. I understand these are unique circumstances, but what does that have to do with the character of the motion? Well, so here I still think that the review portion of things, it's reviewing the judgment and it is suspending the sentence. So it does have an eye towards amendment. But there's no case ever that I'm aware of that has said that suspending the sentence is collateral review. Suspending, it's not suspending the sentence, it's suspending the execution of the sentence. Right, and I don't, I don't know of any case that has said that. It's not changing the sentence, it's not re-examining it. It is re-examining the judgment because it's looking at it, and this is different than a federal motion to stay which only looks to see if... No, re-examination in the context of collateral review means to examine something with a view toward changing it if you're convinced by the results of that examination that it should be changed. Right. And the judge on a motion for execution of sentence has no power to make that sort of change. Well, I respectfully suggest that it does actually change the sentence, it lessens the amount of time someone is spending in jail if granted and their appeal is successful. Counsel, I get the sense, you keep talking about the unique circumstances, I get the sense that you really want to argue, you're trying to get it to equitable tolling, maybe you should try to... No, so I do believe that there should be equitable tolling here and there are unique circumstances but I also do believe that this motion to stay should toll based on, he was pursuing his state court remedies and any contrary result would fault him for pursuing those state court remedies. When the SJC said, typically an appeal needs to be pending and then you can file a motion for a stay, they said not anymore, this is a travesty, we need to correct this and the time spent in prison is, you know, can't be given back where convictions can be overturned some years down. And so I will get into, and I am somewhat running out of time here, so I will get into my equitable tolling. Before you do, have you found, I mean, this is unique for those of us who have been around for a while, have you found anything similar in any other jurisdiction? Not in any other jurisdiction, not to my knowledge, I haven't found anything that was, that captured the circumstances of this case and especially considering that this was even uncharted waters for Massachusetts appellate courts and for procedure because they allowed these motions to stay without the appeal pending. And what followed from that and what was assumed is that a motion for a new trial would be coming next. So even though this doesn't necessarily change his sentence or lessen it, it does effectively do that. And in these cases where the stay was granted, the goal was for informal review. So the district attorneys were then either considering whether or not they should dismiss these charges before a motion for a new trial was filed because of the mass amount of burdens that was caused on the trial courts. And with one minute left, I would like to just briefly touch on the equitable tolling. So with the equitable tolling, it is, as your Honor said, it is a unique case. So it's case by case basis. We avoid mechanical rules and, you know, promote flexibility. And in Holland, they instructed the lower courts to exercise judgment in light of prior precedent but with the awareness of the fact that specific circumstances. Could you address on the equitable tolling front how he exercised due diligence since he waited 11 months? Absolutely. And so what we're arguing is that this was an abuse of discretion because there is no case law that says that no portion of the time can be, the only portion that can be tolled is the time directly preceding the filing of the habeas corpus. And this court in Holmes v. Spencer discussed that issue. And in Holmes, what happened was there was, the conviction was final, there was a two-year period of time, and if I may just finish this point, there was a two-year period of time before the petitioner filed a motion to revise and revoke. Or he filed a motion to revise and revoke in a two-year period of time before he filed his motion for a new trial, which eventually tolled it. This court looked at whether or not those two years would be tolled and gave no regard to the seven months that was following after the motion for a new trial was decided and reconsideration was denied. So in both of those cases, in the 2012 one that was remanded back to the district court and the 2016 one, you considered whether or not those two years should be equitably tolled for any reason, and what the circumstances were surrounding their motion to revise and revoke, not the motion for a habe, or the petition for a habe. So based on that But Holmes was trying to get this done. Trying to figure out what here in that 11 months would suggest that he was doing anything. Well, I don't think you need to justify the entire year in which you were doing something. It's looking at one portion of what should be, if there's any grounds for tolling in the circumstances that prevented untimely filing. So with Holmes, he still had, he still had seven months in which this court gave no consideration to that he did have time to file the habeas corpus and only considered the two years that happened in 1998, I believe, rather than in 2007 when the petition was filed. Maybe I'm missing your point, counsel. I guess my question, what prevented him? He had all this time that Thompson referred to. What was he doing? I don't think there's any real reason for lack of diligence. He had 11 months, he still believed he had a year to file minus the two days between when it wasn't tolled. But he was pursuing his rights diligently all along. He's filed every motion, post conviction motion that you could in Massachusetts when it comes to these specific issues. And I don't think that he had a lack of diligence and there was no number of years in which we're trying to justify this. It was 11 months, but we're looking to toll the time period before that, which was a short period of time from February to May. And if there's no further questions, I'll hand it over to Rebuttal. Thank you. Good morning. Assistant Attorney General Eva Badway for the respondent. Your Honor, this court should affirm the district court's dismissal of the habeas petition as time barred. As we've talked about, the issue is whether a motion for stay of execution of sentence tolls the statute of limitation. Why isn't this case unique? No one in the system knew what to do about this. And it's the SJC who came up with this directive based upon the inherent powers of the court that defendants in this situation should file a motion to stay, which does have as one aspect a review of the merits of the claim. Your Honor, I will acknowledge this is And particularly in light of the fact that one of the purposes of having a limitations period in a habe and requiring exhaustion is to give the state court an opportunity to thoroughly review behavior that happens in the state court. Yes, Your Honor. I will recognize that the Annie Dukin episode is extraordinary circumstances. And at the time that this case was being litigated, there were a lot of unanswered questions. I would like to point out that in this case, this petitioner did receive the relief requested as to his drug charges. They were null prost and they were dismissed. The only charges before this court in this current habeas petition are the gun charges. So I'd like to just go through the timeline with you, Your Honor, so you can understand what was happening. Commonwealth v. Scott was decided March 5, 2014, okay? And this petitioner's convictions became final on February 19, 2014. So instead of filing a motion for a new trial in February, on February 21, this petitioner chose to file a motion for stay in the Superior Court on March 27, 2014. We filed that because the SGSC said file it, right? Okay, they filed it. So even below, the district court said, even assuming that the motion to stay execution of sentence told, what happened here is they filed it on February 21. Thirty-nine days passed. And then they filed their motion for a new trial on May 5. So even if you use that time for the motion to stay of execution of sentence, it's still not timely filed. So this court has been clear about what collateral review is. And a motion for a new trial tolls the statute of limitations. And our argument is that the motion for stay of execution of sentence does not toll the statute of limitations because it's not collateral review. Yes, it is collateral. It is separate from direct appellate review. But like Judge Sellier said earlier, it's not review because it doesn't look for a reexamination with a view of change. In any other situation, I wouldn't disagree with you. I'm just trying to figure out if there's something unique to this case, particularly since the directive when no one could figure out what to do with all of these defendants who could have been impacted by this, it was filed at the directive of the SJC. I'm not aware of any of the cases, but 2244 is all about this, right? There are four different kinds of exceptions under habeas about why you are, when you're able to toll the statute of limitations and what properly tolls the statute of limitations. So we're saying that under 2244D2, this type of collateral review, the motion to stay execution of sentence, is not a tolling event. Counsel, are you suggesting that he should have filed his motion for a new trial much earlier? I'm not suggesting that he should have, but he certainly could have. Okay, so your point is that he could have, so that if on February 21st, which is when he filed for the stay of execution, he had filed the motion for a new trial, then he would have had the benefit of a considerable amount, I guess some 75 days of additional time to file a timely habeas. Is that what you're saying, that he was told to file a stay of execution? Your Honor, other defendants chose to do it differently, and Scott, they chose a different tactic. I mean, there was a lot of confusion. This defendant chose to do what the SJC said. There was a lot of confusion at the time. I will definitely say that it was a unique situation, but there were many defendants filing many different kinds of things, and this particular defendant chose to file a motion for a stay of execution of sentence. And for habeas purposes, that does not toll the statute of limitations, because it does not meet the definition of collateral review under 2244D2. Bottom line, you're saying that tolling, that to be a tolling event is a matter of federal law, that it's got to meet the definitions set out in 2244, and specifically 2244D2, and that this kind of motion, regardless of the confusion, simply is not a tolling event under federal law? That is correct, Your Honor. Should it be an equitable tolling event? I'm sorry, Your Honor? Should it be in this particular period, should it be an equitable tolling period? No, Your Honor, and again … Notwithstanding the 11 months that are troubling, but just this narrow period. Okay, and again, I would say no, because this motion to stay execution of sentence was filed on February 21st, and it was denied on March 27th, 2014, in the state court. And the motion for new trial was not filed until May 5th, 2014. So no, Your Honor, I don't believe that that should be used for equitable tolling purposes either, because they don't … No portion of it. I'm sorry, Your Honor? No portion of it. Well, Your Honor, the district court said even assuming that the motion to stay execution of sentence that time from March 27th through May … I'm sorry, I mixed up my dates. Even assuming the time from February through March 27th, they still weighted too long to file the motion for a new trial. Is that because the time between March 27th and the filing of the motion for new trial in May, when added to the 11 months, brings us past one year? Yes, Your Honor. Okay. If there are no further questions, I'll rest on my brief. Thank you. I just want to make three brief points on rebuttal. First, I do disagree that the motion to stay must be, under federal law, must be a tolling mechanism. We look to the state court's interpretation of the motion to stay in Massachusetts and whether or not that counts as collateral review. Here, I suggest it does. But you don't dispute the proposition that whether or not a particular event is a tolling event for purposes of 2244D2 is a question of federal law? I don't disagree with that. Do you disagree with Ms. Badway's last statement that even if we exclude the period of time that the motion to stay was pending, that we then pick up at March 27th, go up until the date the motion for new trial was filed, add that to the 11 months on the back end, and that more than a year would have elapsed, even if the motion to stay tolled during its pendency? There are two points on that. If it did toll during the pendency, during that portion of March 27th, there is a question about when exactly that decision was given to defense counsel, when the tolling would stop. If the state court docket has to have an entry date, doesn't it? It does. It has March 27th, but there are some dates on the motion that is within the record that indicates that it might have been after. But regardless of that, that motion would still be considered pending for purposes of this. If we consider the motion to stay as something that does, is part of the appeal process. Wait a minute. I'm only a simple country boy from Rhode Island, right? The motion to stay after it is denied is still considered pending? Well, it's the same idea as a motion for a new trial being denied. There is an appeal at the next state. As well as for a motion to stay, it's still reviewable. An appeals over a review. Or you could have taken a single justice petition and also asked for a stay in that context. So for what pending means, I think it's Kerry v. Sassle. Wait a minute. I agree that you can file some additional things, but even those have time limits. And once you get past the time for, say, filing the next petition for review, why wouldn't we at least start counting by then? Well, so for here, it was even included in the motion to stay that a motion for a new trial is going to be filed as soon as possible. Following that, during the time between the motion to stay and the time in which the motion for a new trial was filed, there was an evidentiary hearing on the motion for stay. There was the Commonwealth v. Scott. There was the entire 60-page investigator general report. It actually might even be longer. And so those things all bared upon his issues in the motion for a new trial. And we didn't get those things until March of 2014. And within a month of the motion for stay being denied, the motion for a new trial was filed. So that also goes towards the diligence prong of equitable tolling. But in the context of whether or not this should statutorily toll, I would argue that it was pending for those purposes. A motion for a new trial was forthcoming, and the court did not approve it. All right. So I understand what you're saying about these subsequent proceedings occurring elsewhere in the Commonwealth having to do with the Annie Dukin situation. But what is the reason for not filing some type of motion on the ineffective assistance? Well, so that one had to do with the motion to suppress. And so the motion to suppress was had to do with the guns and the drugs. If he was successful on the direct appeal, the convictions would have been gone. And that's why he did wait until that appeal concluded to file his motion to stay. But then even with the motion for a new trial, because the appeals court didn't decide that issue, that's when he reformulated his issue into an ineffective assistance to counsel claim. And so maybe can you repeat your question? I apologize. And I think you answered it. Okay. Perfect. And if there's no other questions... It didn't make any sense, but you answered it. Thank you. Or I should say, it didn't make complete sense. I mean, this is a situation that has to do with, I mean, it seems to me that there's a lot of confusion as well as perhaps trial strategy. And I guess from our perspective, we've got to figure out what flies and what doesn't. Okay. Thank you. Thank you.